**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HOWARD WOOD JR.,
ADC #155339                                                              PETITIONER

v.                                    5:16CV00085-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                        RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

On July 16, 2013, Petitioner, Howard Wood Jr., pleaded guilty to sexual assault in the first degree for engaging in sexual intercourse with someone under the age of 18.[1]  (Doc. No. 13-2 at 104.)  Pursuant to the plea agreement, the Scott County Circuit Court sentenced him to 360 months' imprisonment.  (*Id.* at 92.)  Mr. Wood filed a Rule 37 petition, motion for postconviction competency determination, motion to amend petition or motion to correct illegal sentence, and amended petition - all of which were denied.  (Doc. No. 13-2 at 87.)  Mr. Wood appealed the Rule 37, and the Arkansas Supreme Court affirmed.  (Doc. No. 13-3.)

On March 18, 2016, Mr. Wood filed the current Petition (Doc. No. 2) and Brief in Support (Doc. No. 3) arguing (1) ineffective assistance of counsel, (2) prosecutorial misconduct; (3) denial of a mental evaluation; (4) abuse of discretion by the trial court; and (5) the Arkansas Supreme Court erred in denying him relief.  (Doc. No. 2.)  All of these claims revolve around the claim that Mr.

---

[1]The sentencing order states the victim was 15-years-old (Doc. No. 13-2 at 95), and the affidavit for arrest warrant says the victim stated she and Mr. Wood had been involved in a sexual relationship for a month. (Doc. No. 13-2 at 89.)

Wood has been diagnosed with post traumatic stress syndrome ("PTSD"), and the fact that PTSD made him incompetent to plead guilty.  He supplemented the record with a portion of his Veterans Affairs medical record as evidence of his diagnosis.  (Doc. No. 10.)  Wendy Kelley responded that Mr. Wood's claims should be dismissed because the Arkansas Supreme Court's ruling on the issue was not contrary to or an unreasonable application of federal law, the claims are not cognizable in federal habeas, and they are meritless.  For the following reasons, I agree.

## II.   ANALYSIS

### A.  Ineffective Assistance of Counsel

Mr. Wood's claims that his counsel was ineffective were all dismissed by the trial court and affirmed by the Arkansas Supreme Court.  Therefore, I am limited in my review of these claims.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted federal habeas courts to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).   A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

Mr. Wood believes his counsel was ineffective for (1) "not read[ing] the affidavit or discuss[ing] the case with [him] before [c]ourt;" (2) allowing the prosecutor to "coerce, threaten and intimidate [him] into taking a plea;" and (3) failing to have his mental health evaluated.  (Doc. No. 3 at 1, 2.)  In its order affirming the dismissal of the Rule 37 petition, the Arkansas Supreme Court discussed Mr. Wood's complaint that his trial counsel did not adequately prepare for trial.  *Wood v. State*, 2015 Ark. 477 *8.  It explained:

> Conclusory statements that counsel was ineffective will not sustain a Rule 37 petition. *Anderson* [*v. State*], 2011 Ark. 488, at 5, 385 S.W.3d 783. In order to assert a cognizable claim for Rule 37 relief, Wood must assert facts that, if proven, would establish a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Wood's petition failed to meet this standard . . ."

*Id.* at * 9.  In his current Petition, as he did in his Rule 37, Mr. Wood only makes conclusory statements and does not assert facts that but for counsel's errors, he would have gone to trial.  Given

that, I find the Arkansas Supreme Court's ruling on this issue is not contrary to or an unreasonable application of federal law.

Regarding the other arguments, the Arkansas Supreme Court found that Mr. Wood did not "allege some direct correlation between counsel's deficient performance and the decision to enter the plea . . ." making these arguments barred from postconviction relief.  *Id.* at *6.[2]  This finding is based upon Arkansas law and is not contrary to or an unreasonable application of federal law.  *See Polvka v. State*, 2010 Ark. 152.   Therefore, the ineffective assistance of counsel claim must be dismissed.

### B.  Prosecutorial Misconduct[3]

Mr. Wood's next argument is that the prosecutor "coerced, threatened, and intimidated [him] into taking the plea deal for the maximum sentence allowed under the statute he was charged with or face multiple charges[4] of 30 years each stacked for a total of 150 years." (Doc. No. 3 at 3.)  The Arkansas Supreme Court touched on this issue when affirming the dismissal of Mr. Wood's Rule 37 petition.  It stated, " . . . a plea of guilty that is induced by the possibility of a more severe sentence does not amount to coercion." 2015 Ark. at *6.   This ruling is not contrary to or a misapplication of federal law so this claim must be dismissed.

---

[2]Mr. Wood argues that the Arkansas Supreme Court was incorrect in this statement because he "in fact [made] that claim multiple times."  (Doc. No. 17 at 4.)  However, Mr. Wood's statement that he would not have pleaded guilty if he would have known he was "pleading guilty to the maximum term available . . ." (Doc. No. 16 at 32) is not the same statement as alleging but for his counsel's deficient performance, he would have gone to trial.

[3]Generally claims of prosecutorial misconduct are not cognizable in federal habeas petitions, but reading the Petition as liberally as possible, and given the fact that Mr. Wood made the claim that his trial counsel was ineffective for allowing the prosecutor to threaten and intimidate him in his original Rule 37 petition (Doc. No. 13-2 at 39), I believe the claim deserves mention here.

[4]The victim stated that she and Mr. Wood had sexual intercourse three times.  (Doc. No. 16 at 35.)

### C. Denial of Mental Evaluation, Abuse of Discretion by Trial Court, and Arkansas Supreme Court Error

Mr. Wood's remaining claims are not cognizable in a federal habeas petition.  Federal courts will only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in the custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Mr. Wood fails to make that argument, and therefore, these claims must be dismissed.

The arguments in the above listed claims all overlap and arise from the same issues. Regarding denial of a mental evaluation, Mr. Wood makes two arguments.  First, his counsel should have had him evaluated for mental competency which has already been discussed *supra*.  Next, he argues his PTSD "could have shown the state of mind that [he] was in at the time of the plea . . ." (Doc. No. 3 at 4.)  As stated above, this claim is not cognizable in a federal habeas petition. Furthermore, the Arkansas Supreme Court correctly stated the defendant is "presumed to be competent to enter a guilty plea and Wood has failed to point to specific evidence that he was not." *Wood*, 2015 Ark. at *6.

Regarding the abuse of discretion by the trial court and the Arkansas Supreme Court erring in denying relief, Mr. Wood simply restates the same arguments mostly focusing on the fact that the trial court allowed the plea to proceed after Mr. Wood stated he suffered from PTSD.  None of these claims are cognizable in federal court, and they are also meritless.  Therefore, Mr. Wood's Petition must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Wood's claims do not rise to a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability should not be entered.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED; and

2.    A certificate of appealability be DENIED.

DATED this 15th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE